UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CAPITAL FUNDING CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>PDI GROUP, INC., et al.,<br><br>  Defendants. | No.  2:18-cv-03279-WBS-KJN PS<br><br><br>ORDER<br><br>(ECF No. 46) |

The court is in receipt of plaintiff's January 14, 2021 affidavit requesting that the Clerk of Court enter default judgment against each of the four defendants in this action, pursuant to Federal Rule of Civil Procedure 55(b)(1).  (ECF No. 46.)  This affidavit is not a proper method of seeking default judgment in this action.  Rule 55(b)(1) "applies only to parties who have never appeared in the action."  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988) (quoting Wright & Miller); see Fed. R. Civ. P. 55(b)(1) (permitting entry of default judgment by the clerk for certain types of claims "against a defendant who has been defaulted <u>for not appearing</u>") (emphasis added).  Where the defendant has appeared, "a default entered by the clerk is void *ab initio*."  Id.

While two of the four defendants named in this action have never appeared, the other two defendants—John F. Gehm, III and RG Group, LLC—filed an answer to the complaint in August 2019, before they subsequently lost counsel and stopped participating in this litigation.  (ECF

No. 18.)  Although the court set aside the August 2019 answer and ordered that default be entered against Gehm III and RG Group (ECF No. 44), that does not change the fact that these defendants have appeared in this action.  See U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (defendant's "answer (though subsequently stricken) constituted an appearance" for purposes of default judgment procedure); Wright & Miller, Fed. Prac. & Proc. Civ. § 2686 (4th ed.) ("filing an answer obviously constitutes an appearance").  That appearance not only entitles these two defendants to notice[1] before entry of a default judgment, see Fed. R. Civ. P. 55(b)(2), but makes it improper for *the clerk* to enter default judgment under Rule 55(b)(1), see Direct Mail, 840 F.2d at 689.

If plaintiff wishes to obtain default judgments against defendants in this action, it must apply to the court for a default judgment pursuant to Rule 55(b)(2) in a manner that complies with this court's local rules governing motion practice.[2]

IT IS SO ORDERED.

Dated:  January 22, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

,3279.quan

---

[1] There is no indication that plaintiff has served its Rule 55(b)(1) affidavit on Gehm III or RG Group, or otherwise provided them notice that it is seeking default judgment.

[2] Although technically a Rule 55(b)(1) affidavit might be a proper vehicle for obtaining default judgment against the other two defendants who have never appeared in this action, in the interest of judicial efficiency, the court instructs plaintiff to simply file a single motion for default judgment under Rule 55(b)(2) as to all four defendants.