UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CAPITAL FUNDING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PDI GROUP, INC., et al.,<br><br>Defendants. | No. 2:18-cv-03279-WBS-KJN PS<br><br>ORDER |

        On January 5, 2022, the court granted in part plaintiff's motion for default judgment—holding various defendants liable for each cause of action except the Fifth and Sixth Causes of Action—and denied the motion without prejudice with respect to damages, for plaintiff to address certain damages and prejudgment interest issues identified by the undersigned.  (ECF No. 52; see ECF No. 51 at 28.)  After four months without any filings by plaintiff, the court finds it necessary to set a deadline for plaintiff to renew its motion for default judgment as to damages or otherwise move this action toward its conclusion.

        In concluding this action, plaintiff will need to decide whether and how to move forward with the Fifth and Sixth Causes of Action in the complaint asserting intentional misrepresentation and negligent misrepresentation against defendant John F. Gehm, III.  Given that the court denied default judgment on liability for these causes of action, plaintiff will need to either voluntarily dismiss those claims or seek leave to amend the complaint to better plead them and again seek

default judgment of liability as to them.[1]  Should plaintiff wish to voluntarily dismiss those claims against Gehm III, as would seem the more prudent course at this point, the court offers the following guidance.  Gehm III's filing of an answer earlier in this case (ECF No. 18), although later set aside, appears to preclude unilaterally dismissing those claims against him by routine notice of dismissal under Rule 41(a)(1).  See Fed. R. Civ. P. 41(a)(1)(A)(i) (permitting unilateral dismissal without court order "before the opposing party serves either an answer or a motion for summary judgment").  Instead, it appears plaintiff would need to either **(A)** file a stipulation of dismissal "signed by all parties who have appeared" (i.e., Gehm III and RG Group, LLC), or **(B)** file a motion for dismissal of those claims under Rule 41(a)(2), which the undersigned would likely recommend be granted.

Accordingly, IT IS HEREBY ORDERED that **within 30 days** of the date of entry of this order, plaintiff shall file either:

1. A renewed motion for default judgment as to damages for the causes of action on which defendants were found liable, as well as an appropriate filing to effect or request the dismissal of the Fifth and Sixth Causes of Action; or
2. A status report explaining how plaintiff otherwise intends to prosecute the case, or explaining why more time is needed to accomplish the above tasks.

Dated:  May 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

quan.3279

---

[1] Of course, if plaintiff were granted leave to amend, it would then need to serve the amended complaint on Gehm III (and any other defendants it might add to the Fifth and Sixth Causes of Action); obtain a clerk's entry of default as to those claims (assuming defendants remain unresponsive); and then renew its motion for default judgment on liability.

2